**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5108**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DAMION HARLAN COLCLOUGH, a/k/a Richard Jackson, a/k/a Omar
House,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, District
Judge.  (2:03-cr-00075-RBS-TEM-1)

Submitted:  September 2, 2010      Decided:  November 18, 2010

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Rodolfo Cejas,
II, Assistant Federal Public Defender, Caroline S. Platt,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Sherrie S. Capotosto,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damion Harlan Colclough appeals the district court's imposition of a twenty–four–month sentence following the revocation of his term of supervised release. On appeal, Colclough contends that, based on the facts of his case, the district court imposed a plainly unreasonable sentence upon revocation. Finding no reversible error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

Our first step is to decide whether the sentence is unreasonable. Id. at 438. In doing so, we generally follow "the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines Manual and the applicable § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a

2

proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we determine that the sentence is not unreasonable, we will affirm. Id. at 439.

Our review of the record on appeal leads us to conclude that the district court's sentence is procedurally and substantively reasonable. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED